**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Marcos MEJIA–MUNOZ, Defendant–Appellant.**

**No. 06–50019.**

United States Court of Appeals, Ninth Circuit.

Submission deferred Dec. 4, 2006.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted July 26, 2007 *.

Filed July 30, 2007.

Becky S. Walker, Esq., USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, Sean K Lokey, Esq., USR– Office of the U.S. Attorney, Riverside, CA, for Plaintiff–Appellee.

Jonathan D. Libby, Esq., FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: REINHARDT, KOZINSKI and M. SMITH, Circuit Judges.

### MEMORANDUM **

"*Ameline* provides no right for a defendant even to be present during" a hearing. *United States v. Silva,* 472 F.3d 683, 686 (9th Cir.2007). Defendant wasn't entitled to be present at the limited remand hearing as a matter of Due Process because an *Ameline* remand requires only that the district court make a subjective determination about what it would have done had it known the Guidelines were advisory. It is therefore not a critical stage in the proceedings. *Kentucky v. Stincer,* 482 U.S. 730, 745, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987). Federal Rule of Criminal Procedure 43 doesn't apply because an *Ameline* remand isn't a "sentencing" proceeding within the meaning of that rule. Fed. R.Crim.P. 43(a)(3).

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.